IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TCYK, LLC,                              :

    Plaintiff,                       :

vs.                                     :         CA 13-0306-CG-C

DOES 1-25,                              :

    Defendants.                      

## ORDER

This action is before the undersigned on plaintiff's second motion for leave to take discovery prior to the Rule 26(f) conference (Doc. 4). Upon a consideration plaintiff's second motion, and all other relevant pleadings in this case, this order is entered pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(a) & (c)(1). For the reasons explained herein, plaintiff's second motion for early discovery (Doc. 4) is **GRANTED IN PART**.

There is no need for the Court to again set forth the factual background that gives rise to plaintiff's motion or the specific problems the undersigned had with plaintiff's complaint (Doc. 1) and initial motion (Doc. 2). It is sufficient to now note that the plaintiff, within the context of the present motion, has addressed most of the Court's concerns[1] and cited to additional case law that convinces the undersigned that it is proper to allow a modicum of early discovery in this matter under certain conditions.

---

[1] For instance, the undersigned's inability to discern from the allegations of the complaint whether the initial file-provider had to be online (and acting as a coordinator) during all file-sharing activity among BitTorrent peers (*see* Doc. 3, at 4 n.2) has now been answered by the plaintiff by citation to relevant case law (Doc. 4, at 3-4). A reading of *Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161 (E.D. Mich. Apr. 5, 2012), *report and recommendation adopted*, 286
(Continued)

As previously indicated, since this Court has "'broad discretion in managing pretrial discovery matters[,]'" *Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005), quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1263 (11th Cir. 2002), as well as "in deciding whether a party is entitled to an opportunity for discovery," *Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1327 n.6 (11th Cir. 2006), it may necessarily allow discovery in advance of the Rule 26(f) conference, *see Hallford v. Allen,* 2007 WL 2570748, *2 (S.D. Ala. Aug. 30, 2007) (finding that magistrate judge did not abuse his discretion in denying plaintiff's motion for discovery in advance of the Rule 26(f) conference), provided the party seeking such discovery establishes good cause for the expedited discovery, *compare, e.g., Malibu Media, LLC v. Doe*, 2013 WL 1620366, *1 (M.D. Fla. Apr. 15, 2013) ("A court may allow expedited discovery prior to the Rule 26(f) conference upon a showing of good cause[.]") *with Qwest Communications International, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) ("The court may, in the exercise of its broad discretion, alter the timing, sequence and volume of discovery. However, a party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery

---

F.R.D. 319 (E.D. Mich. Sept. 21, 2012), establishes that the initial file-provider does not have to be online during all file-sharing activity. *See id*. at 165 ("[I]n the universe of possible transactions, at some point, each Defendant downloaded a piece of the Movie, which had been transferred through a series of uploads and downloads from the Initial Seeder, through other users or directly, to each Defendant, and finally to IPP."). Moreover, plaintiff has supplied this Court with the times of the infringing activity. (*See* Doc. 4, at 5-6 & Exhibit A.) Finally, while plaintiff has cleared up for the undersigned some of the expressed confusion over the identity of the initial seeder (Doc. 3, at 4 n.3), explaining that "it is possible that none of the Doe Defendants in this case w[as] the initial seeder[]" (Doc. 4, at 4), the undersigned is unwilling at this point in time to conclude, as plaintiff wishes, that "'each Defendant is logically related to every other Defendant because they were part of a series of transactions linked to a unique Initial Seeder and to each other[,]'" Doc. 4, at 5, quoting *Patrick Collins, Inc., supra,* at 165, inasmuch as to make such a conclusion would appear to pretermit an attack on the basis of improper joinder. *See id.* at 161-169 (report and recommendation denying a Doe defendant's motion to quash subpoena and to dismiss due to misjoinder).

procedures." (citations omitted)). And, indeed, it is not unusual for courts to find good cause and grant motions to take discovery prior to the Rule 26(f) conference in copyright infringement actions like the instant case. *Compare, e.g., Killer Joe Nevada, LLC v. Does 1-36*, 2013 WL 2898040, *1-2 (E.D. Tenn. Jun. 13, 2013) (finding good cause shown and granting motion to take discovery prior to Rule 26(f) conference in case alleging copyright infringement and contributory copyright infringement) *with Tricoast Smitty, LLC v. Does 1-45*, 2013 WL 992553, *1 (E.D. Mo. Mar. 13, 2013) (finding plaintiff had demonstrated good cause for expedited discovery prior to Rule 26(f) conference and granting plaintiff's request to conduct expedited discovery in case alleging that the Doe defendants illegally downloaded and uploaded a motion picture copyrighted by the plaintiff) and *Arista Records, LLC v. Does 1-15*, 2007 WL 5254326, *2 (S.D. Ohio May 17, 2007) ("Good cause is often found in cases alleging infringement, unfair competition, or where evidence may be lost or destroyed with time."). However, the issue of whether to allow pre-Rule 26(f) discovery in "Doe-defendant" cases is not as easily answered by all courts given the overarching concern of whether the defendants "identified with nothing more than their IP addresses, are properly joined[.]" *See Riding Films, Inc. v. John Does I—CCL*, 2013 WL 2152552, *1 (D. Ariz. May 16, 2013). As a result, "[c]ourts have dealt with the issue in several ways: denying the discovery requests, severing all but the first Doe defendant, delaying the severance decision until after the Does have been identified, or approving both joinder and pre-service discovery." *Id*. (citing a collection of cases).

As previously indicated, *see supra* n.1, this Court is simply not inclined to prematurely rule on joinder at this point in time[2] and, yet, it serves no real purpose to again prohibit all discovery by plaintiff particularly since TCKY has pled the elements to state a claim for copyright infringement (*see* Doc. 1, at ¶¶ 17-24) and such action by this Court merely would serve to shut-the-door on all means plaintiff has to redress its injuries, *compare Penalbert-Rosa v. Fortuno-Burset,* 631 F.3d 592, 596 (1st Cir. 2011) ("A plaintiff who is unaware of the person who wronged her can [] proceed against a 'John Doe' defendant . . . when discovery is likely to reveal the identity of the correct defendant[.]") *with, e.g., Thompsons Film, LLC v. Doe 119,* 2013 WL 1787807, *2 (M.D. Fla. Apr. 26, 2013) (finding plaintiff had "demonstrated the need for the subpoenaed information in order to advance its claims as there appears to be no other means of obtaining this information and the information is needed in order to prosecute Plaintiff's viable claim for copyright infringement."). Accordingly, this Court now, like the Eastern District of California in *Malibu Media, LLC v. Does 1 through 13,* 2012 WL 2800123 (E.D. Cal. 2012) and the Eastern District of Michigan in *Malibu Media, LLC v. John Does 1-9,* 2013 WL 142083 (E.D. Mich. Jan. 11, 2013), "strikes a proper balance between the Plaintiff's need for early discovery and the concerns regarding joinder that

---

[2] In this regard, the undersigned notes that while plaintiff alleges in its complaint that the Doe "Defendants participated in a collective and interdependent manner with other Defendants via the Internet for the unlawful purpose of reproducing, exchanging, and distributing copyrighted material unique to the swarm[,]" (Doc. 1, at ¶ 21) and argues in its second motion for expedited discovery that "[e]ach Defendant is related to every other Defendant because they were all part of a series of transactions linked to a unique Initial Seeder and to each other[]" (Doc. 4, at 4), its attachment to this second motion reflects that the Doe defendants acted on different dates and times of day over a three-week period at various locations in South Alabama (Doc. 4, Exhibit A) and it admits that there is a possibility that "none of the Doe Defendants in this case w[as] the initial seeder." (Doc. 4, at 4.)

inhere in these cases[,]" 2013 WL 142082, at 2, by finding plaintiff has established good cause for early discovery to determine the identity and contact information for one of the 25 Doe defendants, *compare id.* at *1 *with* 2012 WL 2800123, at *3-4.

> [P]ermitting the identification of "John Doe 1" [will] "allow plaintiff to name and serve a defendant in [the] case, conduct a Rule 26(f) conference, and then conduct discovery as to the remaining [] Does." Secondly, . . . "by limiting expedited discovery to John Doe 1, the court avoids prematurely ruling on the question of improper joinder, which appears endemic to BitTorrent file sharing cases such as this one."

2013 WL 142082, at *1, quoting 2012 WL 2800123, at *3-4 (other citations omitted).

In light of the foregoing, plaintiff's second motion for leave to take discovery prior to Rule 26(f) conference (Doc. 4) is **GRANTED IN PART,** and, tracking *Malibu Media, LLC v. John Does 1-9, supra,* and *Malibu Media, LLC v. Does 1 through 13, supra,* it is **ORDERED** that:

1.     TCYK, LLC may serve a Rule 45 subpoena on Comcast Cable, in order to identify the name and contact information for the subscriber identified on plaintiff's list as Doe 25 (the "first-in-time" alleged infringer), who is associated with IP address 98.230.112.137. The subpoena will be limited to the following information about Doe 25: name, address, telephone number, and email address. A copy of this order and a copy of plaintiff's complaint are to be attached to the subpoena.

2.     Comcast Cable is to then serve a copy of the subpoena, a copy of the complaint, and a copy of this order on the subscriber, Doe 25, within 30 days of the date of service of the subpoena on the ISP.[3] "The ISP may serve the subscriber using any

---

[3] *See* 47 U.S.C. § 551(c)(2)(B) ("A cable operator may disclose [personally identifiable] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]"). Comcast Cable is certainly a cable operator. *See Blab T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc.,* 182 F.3d 851, 853 (11th Cir. 1999) (referencing Comcast as the cable (Continued)

reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service." 2013 WL 142083, at *2.

3.  Comcast Cable and Doe 25 are free to challenge the subpoena consistent with the Federal Rules of Civil Procedure and the local rules of this Court. However, any such challenge must "be filed before the return date of the subject subpoena, and the return date shall be no earlier than *60 days* from the date of service of the subpoena on the ISP." 2013 WL 142083, at *2 (emphasis supplied).

4.  If Comcast or Doe 25 files a motion to quash or a motion for protective order, "the ISP shall preserve the information sought by the subpoena pending resolution of such [] motion." 2013 WL 142083, at *2.

5.  Any information disclosed by Comcast to the plaintiff "may only be used by plaintiff for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. §§ 101 *et seq*." 2013 WL 142083, at *2.[4]

**DONE** and **ORDERED** this the 15th day of July, 2013.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

operator for Mobile "as defined under the Cable Communications Policy Act of 1984, *codified at* 47 U.S.C. § 521 *et seq*.").

[4]  Just as was the case in *Malibu Media, LLC v. John Does 1-9, supra,* there is nothing presently before this Court to suggest that TCKY "has ulterior or extrajudicial motives in seeking disclosure of the [] Doe Defendants." 2013 WL 142083, at *2 n.3. However, other courts have not been so generous. *See id.* (prefacing its citation to the comments of several other courts with the comment that "numerous courts have remarked on what they have seen as chicanery in these cases.").